IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ADAM WERNER,

    Plaintiff,

v.                                                       Case No.: 9:23-cv-81139

GORDON & PARTNERS, P.A.,
a Florida professional services corporation,

    Defendant.
_____/

## VERIFIED COMPLAINT

ADAM WERNER ("Werner"), by and through its undersigned counsel, sues GORDON & PARTNERS, P.A. ("Gordon & Partners") and alleges:

## PRELMINARY STATEMENT

When a lawyer leaves a law firm, there may oftentimes be hard feelings and disputes that arise, but usually there is at least an agreement on the law that applies. This case, however, presents something entirely unique: with Werner's departure from Gordon & Partners, the parties fundamentally disagree as to the state of the attorney-client relationship with veterans who have disability benefits claims before the Department of Veterans Affairs (the "VA"). Representation of a veteran in such matters is governed by Title 38 of the United States Code, and its associated regulations, which provides, among other things, that only one individual attorney,

1

who is VA-accredited, will be recognized as the authorized attorney for the veteran, and even then, only if the veteran and the attorney sign and file a form power of attorney known as a Form 21-22a. In this instance, Werner is the Form 21-22a authorized attorney for the approximately 8,692 veteran claimants he represents. Gordon & Partners disagrees in more ways than one. Accordingly, Werner seeks a declaration from this Court that Werner in fact is the attorney authorized to represent the veteran claimants, not Gordon & Partners or any of their attorneys; that this remains true regardless of Werner's departure until such time as the veteran claimant signs and files a new Form 21-22a with a new attorney; and that fees paid by the VA, after Werner's departure, to Gordon & Partners on account of claims for which Werner is the Form 21-22a authorized attorney are Werner's, subject to any referral fee due and payable. Werner also seeks damages in connection with Gordon & Partners' tortious interference with Werner's relationship with his veteran clients. Werner also seeks a temporary restraining order and injunctive relief in connection with both the request for declaratory judgment and the tortious interference claim.

## **JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue properly lies in this district because Gordon & Partners, a Florida professional services corporation, has offices, agents and conducts business in Palm Beach County in the Southern District of Florida, a substantial part of the events or omissions giving rise to this action occurred in the district, and 5 U.S.C. § 703. 28 U.S.C. § 1391(b).

3. Werner seeks a declaratory judgment pursuant to The Federal Declaratory Relief Act, 28 U.S.C. § 2201 et. seq. regarding his status as the authorized attorney of approximately 8,692 veterans of the United States Armed Forces in connection with his exit from Gordon & Partners.

## BACKGROUND

*Adam Werner and His Title 38 Representation of Veterans*

4. Werner is a Florida licensed attorney who is accredited by the Department of Veterans Affairs (the "VA") to represent veteran claimants in disability benefits appeals before the VA.

5. He has been representing veteran claimants for approximately 13 years.

6. An attorney's representation of a veteran claimant in a VA matter is governed by Title 38 of the United States Code, specifically 38 U.S.C. § 5904 and its associated regulations, 38 C.F.R. Ch. I, Pt. 14.

7. Pursuant to 38 C.F.R. § 14.631, only one individual attorney is recognized as the authorized representative of a veteran, and that is accomplished

through VA's Form 21-22a. This form is a power of attorney required to represent a veteran claimant.

8. "[A]ll transactions concerning the claim will be conducted exclusively with the recognized . . . attorney of record until notice of a change, if any, is received by the appropriate office of VA." 38 C.F.R. § 14.629(c).

9. Adam Werner is currently the Form 21-22a authorized attorney representative of approximately 8,692 veteran claimants (the "VA Clients"). A list of the VA Clients can be made available upon request, filed under seal.

10. A true and correct copy of the Form 21-22a a VA Client typically executes is attached hereto as **Exhibit A**. The Form 21-22a for each of the VA Clients are substantively the same as this Exhibit.

11. Each of the VA Clients also signed an "Attorney/Representative Retainer and Fee Agreement for Representation before the Department of Veterans Affairs" ("Fee Agreement") retaining Adam Werner as their "Attorney/Representative."

12. A true and correct copy of the form Fee Agreement is attached hereto as **Exhibit B**. The Fee Agreement for each of the VA Clients are substantively the same as this Exhibit.

13. Each Fee Agreement is between the VA Client and Werner individually, and the fee is to be paid to Werner individually; this structure is required by the VA for a fee to be paid. 38 C.F.R. § 14.636(b), (g).

*Adam Werner's Employment with Gordon & Partners*

14. Werner became employed with Gordon & Partners years ago.

15. Werner, along with attorney Michael Hoffman ("Hoffman"), who was also employed at Gordon & Partners, began a VA practice that grew over the years.

16. Hoffman is also a Florida-licensed attorney who is accredited by the VA to represent veteran claimants, and Hoffman is a disabled veteran himself.

17. Neither Werner nor Hoffman were shareholders, members, or officers of, or had any ownership or other interest in, Gordon & Partners. They were merely employees.

18. While affiliated with Gordon & Partners, Werner, with the agreement of each VA Client as permitted by 38 C.F.R. § 14.629(c)(2), would have certain attorneys and certain paralegals listed in the client's Form 21-22a assist with the client's VA matters.

19. Persons authorized to assist Werner include Hoffman, Heather Hartley, Daniel Golan, and Robert Fanning (collectively, the "Affiliated Attorneys"), all of whom are VA-accredited attorneys.

20. Such assistance by these attorneys is only permitted if they are "associated or affiliated with the claimant's attorney of record or employed by the same legal services office as the attorney of record . . . ." 38 C.F.R. § 14.629(c)(2).

21. Assistance by paralegals is only permitted if they are "under the direct supervision of an attorney of record . . . ." 38 C.F.R. § 14.629(c)(3).

22. Also, while affiliated with Gordon & Partners, Werner directed fees payable to him from the VA be paid to a trust account in the name of Gordon & Partners. Werner did this as a vendor of the VA via Form 10091, which is akin to a direct deposit form.

*Werner's Departure from Gordon & Partners*

23. On or about August 1, 2023, Werner and Hoffman announced to Gordon & Partners that they were leaving the firm to start their own law firm, Werner, Hoffman & Greig (the "New Firm").

24. At first, the announcement seemed well-received, and Gordon & Partners invited Werner and Hoffman to remain for the transition to the New Firm.

25. However, on Thursday, August 3, 2023, and despite Gordon & Partners earlier invitation, Gordon & Partners threatened legal action against Werner and Hoffman for "moonlighting" at the New Firm while the transition was occurring.

26. Accordingly, Werner and Hoffman resigned immediately.

27. Effective August 4, 2023, Werner and Hoffman were no longer employed by or affiliated with Gordon & Partners.

28. Also, effective August 4, 2023, the other Affiliated Attorneys, Heather Hartley, Daniel Golan, and Robert Fanning also left Gordon & Partners to join the New Firm.

*The Joint Letter, a Ruse*

29. Werner and Hoffman, through counsel on Thursday, August 3, 2023, offered a draft joint letter, to Gordon & Partners' counsel, to be utilized in communicating to the VA Clients in an effort to comply in good faith with Florida Bar Rule 4-5.8.

30. Over the course of the following days, including Saturday and Sunday, respective counsel for Werner and Hoffman and Gordon & Partners, heavily negotiated the substance of the joint letter forms – one for VA Clients, one for another practice area.

31. On Monday, August 7, an agreement was reached as to the form of the joint letters. A true and correct copy of the agreed-to form letter to VA Clients is attached hereto as **Exhibit C**.

32. However, the next challenge was the logistics of sending these letters to the 8,692 VA Clients.

33. Counsel for Werner and Hoffman, and counsel for Gordon & Partners worked to find solutions that would permit expedited notification, including mass mailing and the use of a class action claims administrator.

34. As turnaround time was of paramount concern, counsel would engage in joint calls imploring vendors to provide a quote expeditiously.

35. On Tuesday, August 8, one vendor declined entirely; another vendor promised to provide a quote the following day, Wednesday, August 9; a call with yet another vendor was also scheduled for Wednesday.

36. Yet, unbeknownst to Werner, Hoffman, or the New Firm, and while they were working in good faith to jointly communicate to clients, Gordon & Partners already had staff from all departments begin proactively and unilaterally contacting VA Clients by phone to ask if the VA Clients would like their matters handled by Gordon & Partners, and providing the VA Clients with a new Form 21-22a to complete.

37. This process began as late as Tuesday, August 8, while counsel were still inquiring of vendors for the joint letter.

38. As Werner, Hoffman, and the New Firm later found out, Gordon & Partners even used a letter for VA Clients to sign that omitted significant details that were included and heavily negotiated in the agreed-to joint letter, including omitting the departing attorneys' names (except for Adam Werner), and omitting that Adam

8

Werner would remain as the VA Clients' authorized attorney until such time as a new Form 21-22a was executed and filed. A true and correct copy of the Gordon & Partners form is attached hereto as **Exhibit D**.

39. After several VA Clients called or communicated to Werner, Hoffman, and the New Firm that Gordon & Partners had contacted them, Werner and Hoffman determined late Wednesday that Gordon & Partners feigned efforts at jointly communicating to the VA Clients was merely a ruse to gain a tactical advantage over Werner, Hoffman, and the New Firm by keeping them from communicating their departure. Accordingly, Werner and Hoffman communicated through counsel that bona fide negotiations under Rule 4-5.8 had failed.

40. As of this filing, Gordon & Partners continues to contact VA Clients imploring them to become clients of Gordon & Partners by misrepresenting material facts as to their choice of counsel.

41. In at least one instance, Gordon & Partners threatened a client with "legal fees" if they were to choose to remain a client of Adam Werner.

42. In another instance, Gordon & Partners threatened to send a VA Client a bill for costs advanced if they were to choose to remain a client of Adam Werner.

43. Neither threat is supported by the plain language of the Fee Agreement – fees and costs are contingent upon the result for the VA Client; there is nothing in

9

the Fee Agreement giving Gordon & Partners the right demand payment of fees or costs just because a VA Client chooses who they want to represent them.

44. Additionally, Gordon & Partners' communications to VA Clients gives the misimpression that Gordon & Partners can competently handle their VA matters when they cannot.

45. For example, while attorney Robert Gordon is VA-accredited, he does not currently have a VA Personal Identity Verification card (known as a PIV Card) that is required to access a VA Client's claim files on the Veterans Benefits Management System (VBMS).

46. Indeed, on more than one occasion, Gordon & Partners has expressed that the VA practice is unprofitable and that it actually does not want a VA practice.

*Failure to Cooperate to Protect VA Clients*

47. Despite his departure from Gordon & Partners, Werner remained the authorized attorney for all 8,692 VA Clients.

48. Despite this clear application of Title 38 and 38 C.F.R. Ch. I, Pt. 14, Gordon & Partners refuses to recognize Werner as the attorney for the VA Clients.

49. Indeed, Gordon & Partners continues to handle VA Clients' matters without any legal authority to do so.

50. Among other things, Gordon & Partners is:

  a. Receiving calls from the VA for hearings and instead of forwarding the haring call to the attorneys at the New Firm who are assigned to the matter and authorized to assist Adam Werner under the Form 21-22a, they are taking messages without sufficient callback information and forwarding the message along;

  b. Scheduling VA hearings unilaterally without the authority to do so and without first communicating with the attorneys at the New Firm who are assigned to the matter and authorized to assist Adam Werner under the Form 21-22a;

  c. Taking calls from VA Clients without forwarding them to the attorneys at the New Firm who are assigned to the matter and authorized to assist Adam Werner under the Form 21-22a;

  d. Filing documents with the VA without the authority to do so; and

  e. Is otherwise acting as if there is an attorney-client relationship with the VA Clients when, as matter of federal law, there is none.

51. While Gordon & Partners has given the New Firm's attorneys some access to its case management system for the purpose of assisting VA Clients, the access is not sufficient for such purpose, including that a VA Client's documents cannot be opened nor can they be downloaded to be sent to the client or the VA.

52. In fact, shortly before the filing of this Complaint, Gordon & Partners terminated all access to this system, emails, and calendars as of 5:30pm, Thursday August 10, 2023, necessitating Werner's request for an emergency temporary restraining order.

53. Without access to or a usable copy of the electronic information housed within Gordon & Partners' case management system, and having been cutout from emails and any calendaring system, Werner and the Affiliated Attorneys are left with only the information that is available through VBMS, which is insufficient to properly handle VA Clients' matters, including hearings.

54. Gordon & Partners is also opening mail addressed to Adam Werner as a client's authorized attorney, and otherwise opening mail addressed to the other attorneys at the New Firm. Gordon & Partners has likewise refused to coordinate a time for such mail to be regularly picked up.

55. On August 8, 2023, counsel for Werner, Hoffman, and the New Firm sent a demand to Gordon & Partners, via its counsel, for it to immediately stop work on the VA Clients' matters as they are doing so without authority and purportedly under Adam Werner's Form 21-22a. The demand also asked for cooperation, including specific requests, in ensuring VA Clients are taken care of during the transition. There was no response to the demand.

56. Gordon & Partners failure to recognize Werner as the VA Clients' authorized attorney, failure to stop working on matters and communicating with VA Clients as if Gordon & Partners has an attorney-client relationship, and their failure to reasonably cooperate in ensuring the VA Clients' claims are handled properly with appropriate authority, puts not only the VA Clients' at risk of immediate irreparable harm, but also Adam Werner at risk of immediate irreparable harm as the authorized attorney responsible for the VA Clients.

## COUNT I – DECLARATORY RELIEF

57. Werner repeats and incorporates by reference each allegation contained in the preceding paragraphs 1 through 56 as if fully set forth herein.

58. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et. seq.* seeking a declaratory finding that Werner, not Gordon & Partners or its attorneys, is the authorized attorney for the VA Clients pursuant to Title 38 based on the Forms 21-22a on file with the VA, regardless of his departure; along with a determination of attendant rights related to his status as their authorized attorney, and injunctive relief against Gordon & Partners to enforce Werner's rights.

59. The declaratory relief requested herein concerns various federal statutes and regulations governing the representation of the VA Clients. This includes, without limitation, 38 U.S.C. §§ 5901 and 5904, and 38 C.F.R. §§ 14.629, 14.631, 14.632, and 14.636.

60. The VA only recognizes a VA-accredited individual attorney as one who may represent a veteran claimant; the VA does not recognize a law firm. *See* 38 U.S.C. § 5904(a)(1); *see also* 38 C.F.R. §§ 14.626, 14.629(b)(1), 14.631(c) and (f)(1), 14.6432(b), and 14.636(b).

61. As pled herein, Werner is the client-appointed authorized attorney of the approximately 8,692 VA Clients through executed and filed Forms 21-22a, and he, along with the Affiliated Attorneys at the New Firm, are the exclusive persons authorized to assist the VA Clients and handle their matters before the VA.

62. Werner's status as the authorized attorney for the VA Clients did not change just because of his departure from Gordon & Partners.

63. While this may be contrary to the default under Florida Bar Rule 4-5.8, which provides that a client remains with the law firm if the client does not make an election as to their choice of counsel, Title 38 and its regulations preempt such default rule, meaning that the VA Clients, as a matter of federal law, remain clients of Adam Werner until such time as they elect differently.

64. Despite the foregoing, Gordon & Partners has claimed and will continue to claim it is the legal representative of the VA Clients, and it has acted and will continue to act as such without authority.

65. As pled herein, Gordon & Partners acts and omissions have made handling the VA Clients' matters impossible for Werner and the Affiliated Attorneys at the New Firm.

66. Consequently, Werner's rights, status and other equitable or legal relationship with and in connection the VA Clients is uncertain; therefore, there is a bona fide, actual and present need for the declaratory judgment.

67. The declaration sought concerns a present ascertainable state of facts or present controversy.

68. The declaration is necessary for the parties to be certain about their rights, duties, obligations, status, and legal relationship with respect to the representation of the VA Clients status and associated federal statutes and regulations.

69. This request is not seeking mere legal advice or answers to questions propounded by curiosity.

WHEREFORE the Plaintiff, ADAM WERNER, requests this Court grant the following relief:

 A. Enter an emergency temporary restraining order against Gordon & Partner as requested by separate motion;

 B. Enter an expedited preliminary injunction against Gordon & Partners as requested by separate motion; and

C.  Enter a declaratory judgment declaring as follows:

  i.  That Werner is the authorized attorney for the VA Clients, and he has remained as such despite his departure from Gordon & Partners, and he will remain as such unless and until a VA Client signs and files a new Form 21-22a appointing someone else;

  ii.  That, as between Werner, the Affiliated Attorneys, and Gordon & Partners, only Werner and the Affiliated Attorneys may assist the VA Clients with their matters;

  iii.  That Gordon & Partners and its attorneys are not the authorized attorneys for the VA Clients, unless and until a VA Client signs and files a new Form 21-22a appointing a VA-accredited individual associated with Gordon & Partners;

  iv.  That, based on the foregoing, Werner is entitled to receive from Gordon Partners the files of the VA Clients in order to properly services them;

  v.  That, under these facts and circumstances, Title 38 and its regulations, preempt Florida Bar Rule 4-5.8 to the extent it concludes that a client remains with the law firm, not the

departing attorney, if the client does not make an election of counsel of its choosing;

 vi. That, as the authorized attorney, Werner, along with the Affiliated Attorneys, are entitled to reasonable cooperation from Gordon & Partners in ensuring VA Clients matters are properly handled, including, but not limited to, having full and complete access to the electronic files concerning VA Clients housed within Gordon & Partners' case management system; and

 vii. That, as to any fees paid by the VA on and after August 4, 2023 to Gordon & Partners on account of any VA Client matter for which Werner was the Form 21-22a authorized attorney, such fees belong to Adam Werner, subject to any referral fee that may due and payable; and

D. Grant Werner such other relief as this Court finds necessary and proper.

## COUNT II - TORTIOUS INTERFERENCE

70. Werner repeats and incorporates by reference each allegation contained in the preceding paragraphs 1 through 56 as if fully set forth herein.

71. This is an action for tortious interference against Gordon & Partners for its intentional acts and omissions in connection with Werner's representation of VA Clients.

72. This Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

73. Werner has a relationship with the VA Clients as evidenced by the Form 21-22a executed by each VA Client and the Fee Agreement with each VA Client.

74. Gordon & Partners has been, and is currently, aware of such relationship between Werner and the VA Clients.

75. As pled herein, without justification or privilege, Gordon & Partners has, or others at the direction of Gordon & Partners have, intentionally interfered with the relationship between Werner and the VA Clients.

76. Gordon & Partners' interference with these relationships is unjustified, and Gordon & Partners was not privileged to interfere in the relationships between Werner and the VA Clients.

77. As a result of Gordon & Partners' actions, Werner has suffered damage and will continue to suffer damage in the form of lost revenue, reputational harm, and potentially disciplinary action by the VA and the Florida Bar if Gordon & Partners do not immediately remedy their intentional interference.

WHEREFORE, the Plaintiff, ADAM WERNER, requests this Court grant the following relief:

A. Enter an emergency temporary restraining order against Gordon & Partner as requested by separate motion;

B. Enter an expedited preliminary injunction against Gordon & Partners as requested by separate motion;

C. Enter judgment in favor of Werner on this count and awarding him damages; and

D. Grant Werner such other relief as this Court finds necessary and proper.

Respectfully submitted,

**Winderweedle, Haines, Ward & Woodman, P.A.**
329 Park Avenue North
Second Floor
Winter Park, FL 32789
(407) 423-4246
*Attorneys for Plaintiff*

By:  *C. Andrew Roy*
C. Andrew Roy, Esq.
Florida Bar No.: 91629
aroy@whww.com
spollard@whww.com
Timothy J. Kiley, Esq.
Florida Bar No.: 44352
tkiley@whww.com
acothran@whww.com

## **VERIFICATION**

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 11, 2023.

_____
Adam Werner