**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO. 9:23-cv-81139-ROSENBERG/REINHERT

| | |
|---|---|
| ADAM WERNER, | |
| Plaintiff, | **EXPEDITED RELIEF REQUESTED** |
| v. | |
| GORDON & PARTNERS, P.A., | Ruling requested on or before Wed., Aug. 23 |
| a Florida professional services corporation, | as explained on Page 2 and throughout |
| Defendant. | |
| _____/ | |

**PLAINTIFF'S VERIFIED EXPEDITIED
MOTION FOR PRELIMINARY INJUNCTION
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ADAM WERNER ("Werner"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 65 and Local Rule 7.1(d), respectfully moves this Court for entry of preliminary injunction against Defendant, GORDON & PARTNERS, P.A. ("Gordon & Partners"), on an expedited basis, requiring Gordon & Partners to:

    A.    Immediately restore meaningful electronic access to Gordon & Partners' electronic case management system and related calendaring system such that Werner and the Affiliated Attorneys (defined herein) may have the necessary information and documents needed to properly and timely represent the approximately 8,692 veterans (the "VA Clients") for whom Werner is the authorized attorney before the VA pursuant to Federal law;

    B.    Immediately cease taking action or purporting to act as if it is the authorized attorney for the VA Clients, including, but not limited, to scheduling hearings and filing documents;

  C. Immediately and meaningfully cooperate with Werner and the Affiliated Attorneys in ensuring that the VA Clients interests are protected, even while Werner is in a dispute with Gordon & Partners about his departure from the firm; and

  D. Immediately account for and hold in trust all fees Gordon & Partners has received from the VA beginning on August 4 and thereafter on account of any VA Client for whom Werner is the Form 21-22a authorized attorney; and

  E. Immediately cease communicating to VA Clients that they must pay fees or and/or costs to Gordon & Partners should the VA Clients choose to continue being represented by Werner and the Affiliated Attorneys, and send a written correction to the VA Clients in respect to this issue because fees and costs are entirely contingent;

all as more specifically detailed herein.

 **Expedited Request.** A ruling on this Motion is needed on or before Wednesday, August 23, 2023 because, for every day Gordon & Partners leaves electronic access to VA Client files severed means Werner and the Affiliated Attorneys go another day without meaningful access to the information needed, when needed, to properly and timely represent the VA Clients. Furthermore Gordon & Partners' unauthorized action in connection with Veterans for whom Werner is the Form 21-22a authorized attorney continues every day, including unilaterally scheduling hearings without coordinating or communicating with Werner or the Affiliated Attorneys. Each of these urgencies created by Gordon & Partners is likely to result in irreparable harm to the VA Clients, and, in turn, Werner in the form of malpractice liability and/or disciplinary action, including losing VA accreditation. Swift action will protect the VA Clients and allow their matters to be handled properly and timely, eliminating the risk of irreparable harm until such time as a full hearing on the merits may be completed.

Thus, in support of this Motion, Werner states as follows:

**SUMMARY**

Pursuant to Federal law, Werner is the authorized attorney for approximately 8,692 veterans in varying stages of the veterans' benefits claims process with the VA – the VA Clients. He remained their authorized attorney even though he is no longer employed with Gordon & Partners. He will remain the authorized attorney until such time as a VA Client signs and files a new Form 21-22a with a new representative, as required by Federal law.

As the authorized attorney for these VA Clients, Werner, along with Michael Hoffman, Heather Hartley, Daniel Golan, and Robert Fanning (collectively, the "Affiliated Attorneys") who are permitted to assist Werner in representing the Veterans, have the experience and know-how to more than adequately represent the VA Clients before the VA. There is a problem though: they do not have all of the documentation and information they need to represent the VA Clients because Gordon & Partners terminated access to it and the calendar of hearings. There is yet another problem: Gordon & Partners continues to act in a manner as if it represents the VA Clients, including unilaterally scheduling conferences and hearings. And still, another problem: Gordon & Partners, instead of relaying communications from Veterans to Werner and the Affiliated Attorneys – the people actually permitted to work the Veteran's matter – Gordon & Partners is acting as if they are the VA Clients' attorney. Gordon & Partners also has received and continues to receive attorneys' fees from the VA which are properly payable to Werner pursuant to Federal law. Finally, in connection with unilaterally communicating Werner's departure to the VA Clients, Gordon & Partners has claimed that a VA Client who chooses to remain being represented by Werner and the Affiliated Attorneys must pay fees and/or costs for doing so, despite fees and costs being wholly contingent.

Gordon & Partners' actions are significantly interfering with Werner's Federally-authorized representation of the VA Clients in an effort to harm Werner and the Affiliated Attorneys, and with incredible disregard for the interests of the VA Clients. By eliminating meaningful access to the VA Clients' files and otherwise failing to cooperate in good faith with Werner and the Affiliated Attorneys in ensuring the VA Clients are properly represented, Gordon & Partners' actions are highly likely to cause irreparable harm (and may have already cause such harm) to not only Werner, but to the VA Clients, too.

An expedited preliminary injunction against Gordon & Partners is necessary to immediately stop the irreparable harm to Werner and the VA Clients, and allow Werner and the Affiliated Attorneys to continue to adequately and timely represent the VA Clients until Gordon & Partners and Werner can (hopefully) come to an agreement on the transition of the VA Clients' files to Werner at his new firm, or the Court enters a declaratory judgment on these matters.

## FACTS

1. The facts contained in the Verified Complaint [Doc. No. 1] are incorporated herein by reference. Additional salient facts follow.

2. Werner and the Affiliated Attorneys left Gordon & Partners effective August 4 and joined Werner's new firm, Werner, Hoffman & Greig (the "New Firm").

3. Werner remained as the Form 21-22a authorized attorney for the approximately 8,692 VA Clients, despite his departure from Gordon & Partners.

4. Gordon & Partners initially granted Werner and the Affiliated Attorneys limited access to the case management system (known as ATO) in order to permit Werner and the Affiliated Attorneys to continue working matters for Veterans.

5. However, the access was not complete; for example, certain items would not open, and documents could not be downloaded for use with the VA Client or the VA. But this access was better than nothing.

6. While attempting to work matters for VA Clients, Werner and the Affiliated Attorneys learned that Gordon & Partners has:

   a. Failed to forward calls from the VA for conferences and hearings to the attorney assigned to the appropriate matter. Instead, Gordon & Partners would take a message and forward the message by email, sometimes without adequate callback information.

   b. Failed to forward other correspondence from the VA, like emails or mail. In fact, Gordon & Partners has refused to coordinate a pick up of mail, even though time-sensitive communications come through the mail.

   c. Failed to forward calls and correspondence from Veterans when Veterans called

   d. Worked on Veterans' matters without the authority to do so and/or interfering with the existing representation by Werner and the Affiliated Attorney, like scheduling hearings with the VA without coordinating with Werner or the Affiliated Attorneys.

7. Due to the administrative nature of VA matters, multiple forms are used which require contact information for the authorized attorney of record. Werner's contact information in these forms is his contact from whilst he was at Gordon & Partners resulting in thousands of forms associated with the thousands of Werner's matters. Because that contact information is still

reflected in the VA's claim file, when issues arise, such as the need to set hearings, Gordon & Partners' office receives the correspondence, not Werner.

8. As explained in more detail in Werner's Declaration attached hereto as **Exhibit A**, a missed conference or hearing, or a mishandled one, can cause irreparable harm to a VA Client, and in turn Werner as the authorized attorney responsible.

9. In an attempt to ensure VA Clients were properly taken care of no matter what dispute was happening between Werner and Gordon & Partners, Werner, Hoffman, and the New Firm, through counsel, sent a letter to Gordon & Partners, via its counsel, imploring cooperation. A true and correct copy the letter is attached hereto as **Exhibit B**. However, no response was received to that letter.

10. Instead, late Thursday, August 10, Werner, Hoffman, and the New Firm received, through counsel, a letter stating that access to ATO had been terminated. Gordon & Partners offered as an alternative an ad hoc, manual request process for Werner and the Affiliated Attorneys to request information from a Veteran's file by email, but only if the request asked for specific documents and a hearing or deadline necessitated the request, as determined by Gordon & Partners. A true and correct copy of this letter is attached hereto as **Exhibit C**.

11. The alternative proposed is only a thinly veiled attempt to make access as difficult as possible in light of the volume of VA Clients to assist, and demonstrates a fundamental misunderstanding of how VA matters work. *See* Werner Declaration for further explanation as to why real time access to a VA Client's file is necessary to adequately their matters.

12. Along with ATO access, access to the calendaring system was terminated, as was access to Werner's and the Affiliated Attorneys' respective email addresses at Gordon & Partners.

13. With Gordon & Partners unilaterally scheduling hearings and conferences, and without calendar access, Gordon & Partners is knee-capping Werner in response to starting his own firm.

14. Furthermore, when VA Clients have called Werner and the Affiliated Attorneys about their departure and the client's choice of counsel, each one of them expresses concern about liability to Gordon & Partners for fees and costs for continuing to be represented by Werner.

15. In at least one instance, Gordon & Partners threatened a client with "legal fees" if they were to choose to remain a client of Adam Werner.

16. Fees and costs are entirely contingent under the Fee Agreement, and thus Gordon & Partners should make clear to VA Clients that they will not be charged for fees or costs just because they exercise their choice of counsel.

17. Finally, Gordon & Partners has been receiving payment for fees from the VA on account VA Clients for whom Werner is the Form 21-22a authorized attorney. Under Federal law, these funds are properly payable to Werner, not Gordon & Partners, thus Gordon & Partners must account for these fees and hold them in trust pending a determination on the merits of this claim. *See* 38 C.F.R. § 14.636(b).

## MEMORANDUM OF LAW

### a. A Preliminary Injunction Entered on an Expedited Basis is Essential to Prevent Immediate Injury.

Fed. R. Civ. P. 65(a)(1) states: "The court may issue a preliminary injunction only on notice to the adverse party." Notice of this Motion has been provided as reflected in the Certificate of Service below.

A ruling on this Motion is needed by Wednesday, August 23, 2023 because for every day Gordon & Partners leaves electronic access to Veterans files severed means Werner and the

Affiliated Attorneys go another day without meaningful access to the information needed, when needed, to adequately represent the VA Clients. *See* 38 C.F.R. §§ 14.632(a), (b)(1) & (2) (requiring an attorney representing a VA Client "faithfully execute their duties" and provide "competent representation," and "act with reasonable diligence and promptness."). Furthermore Gordon & Partners' unauthorized action in connection with VA Clients for whom Werner is the Form 21-22a authorized attorney continues every day, including unilaterally scheduling hearings without coordinating or communicating with Werner or the Affiliated Attorneys. Each of these urgencies created by Gordon & Partners is likely to result in irreparable harm to the VA Clients, and, in turn, Werner in the form of malpractice liability and/or disciplinary action, including jeopardizing his accreditation with the VA. Allowing such action to continue past August 14, 2023 will likely result in irreparable harm in the Veterans' matters that cannot be undone at a later date, harming both Werner (by virtue of reputational damage and exposure to liability for possible malpractice and losing accreditation) and the Veterans (if such VA cases are botched by Gordon & Partners). In most cases, there is simply no way to un-ring that bell. *See* Declaration of Adam Werner. Absent an immediate restraint on the foregoing actions taken by Gordon & Partners, Gordon & Partners can and will significantly alter the status quo before the Court can determine the parties' respective rights.

      Accordingly, this Court should prevent an injustice from occurring by issuing a preliminary injunction that prohibits Gordon & Partners and its agents from taking any action in the VA Cases, requiring Gordon & Partners to take reasonable steps to ensure communications Gordon & Partners receives with respect to the VA Cases are forwarded and/or made available to Werner, and restore access to Werner to view, access, and download his case files to ensure Werner's and

Werner's VA Clients' rights and interest are not harmed until this Court has ruled upon the merits of Werner's claims.

### b. Preliminary Injunction Standard

To obtain a preliminary injunction, the plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest. *Burgos v. Univ. of Cent. Florida Bd. of Trustees,* 283 F. Supp. 2d 1268, 1271 (M.D. Fla. 2003); *Schiavo ex Rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Georgiacarry.org, Inc. v. U.S. Army Corps of Engineers,* 788 F.3d 1318, 1322 (11th Cir. 2015). These factors, however, are not rigidly applied. Rather than assigning a fixed quantitative value to each factor, "the court must use a flexible scale which balances each consideration and arrives at the most equitable result given the particular circumstances." *Del Monte Fresh Produce Co. v. Dole Food Co.,* 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001).

### c. Likelihood of Success on the Merits

As to Werner's declaratory judgment cause of action, 38 U.S.C. § 5904 and its associated regulations, 38 C.F.R. § Ch. I, Pt. 14 are clear on Werner's status as the Form 21-22a authorized attorney for the VA Clients.

Congress plainly intended representation of VA Clients by an individual who is an attorney or non-attorney agent. *See, e.g.*, 38 U.S.C. § 5901 ("no individual"). That individual must be "recognized" by the VA. *See id* ("unless such individual has been recognized by for such purposes by the Secretary."); *see also* 38 U.S.C. § 5904 ("Secretary may recognize any individual"). While Congress imposed certain fundamental qualifications, it is ultimately the Secretary that establishes

through their rulemaking authority the conditions for an attorney to be "recognized." *See* 38 U.S.C. § 5904.

Among other specific requirements, there are three primary preconditions an attorney must satisfy before the VA will recognize that attorney in representing a VA Client for a fee. First, the attorney must be accredited with the VA. 38 C.F.R. § 14.629(b). Second, the attorney must have filed a completed VA Form 21-22a, which includes a power of attorney, signed by the VA Client. 38 C.F.R. §§ 14.629(c)(1) and 14.631(a). Third, the attorney must have filed a signed fee agreement with the VA. 38 U.S.C. § 5904(c); 38 C.F.R. § 14.636(b) ("Only accredited agents and attorneys may receive fees from claimants or appellants for their services provided in connection with representation."); 38 C.F.R. § 14.636(f) & (g).

Importantly, "[o]nly one organization, representative, agent, or attorney will be recognized at one time . . . ." 38 C.F.R. § 14.631(e)(1). Except for the role an affiliated attorney, paralegal, or law student may play under 38 C.F.R. § 14.629(c), "all transactions concerning the claim will be conducted exclusively with the recognized organization, representative, agent or attorney of record until notice of a change, if any, is received by the appropriate office of VA." *Id.*

A change of the attorney of record only occurs if the power of attorney is revoked or the attorney withdraws. Revocation occurs if a new power of attorney is executed; the new filing constitutes a revocation of the prior power of attorney unless the new form says otherwise. 38 C.F.R. § 14.631(f)(1). An attorney can also withdraw, provided "such withdrawal would not adversely impact the claimant's interests" and the attorney provides notice in writing to the VA Client, the organization in possession of records, and the VA before taking action to withdraw. 38 C.F.R. § 14.631(c).

If there is a change of attorney, "an attorney who is discharged by the [VA Client] or withdraws from representation" is only entitled to a fee "that fairly and accurately reflects his or her contribution to and responsibility for the benefits awarded." However, if an attorney never executed a VA Form 21-22a, they will not be entitled to any fee, even if that attorney was affiliated with the attorney of record. *See (Title Redacted by Agency)*, Bd. Vet. App. A22009953 (May 27, 2022) (the "JB Case"). In the JB Case, the VA Client retained attorney MK with a valid Form 21-22a. Eventually, the VA determined that, while MK had a valid direct-pay fee agreement, "the award did not warrant direct payment of fees, as VA never received a qualifying request to review the VA Client's service connection decision. Attorney JB, who was in the same firm as MK, filed a notice of dispute as to the fee decision. The Board held that "the appellant [attorney JB was] not entitled to attorney fees from the past-due benefits awarded . . . as he was not the attorney of record nor has a valid fee agreement . . . . ." *Id*. at *3.

Entities – such as law firms – are not mentioned by Congress in Section 5901 or Section 5904. Rather, the only entities Congress contemplated as having capacity to represent a VA Client is an "organization." Based on the use of the word "organization" in Title 38, it appears that term does not include a law firm. Congress listed the following as exemplar "organizations": "American National Red Cross, the American Legion, the Disabled American Veterans, the United Spanish War Veterans, the Veterans of Foreign Wars, and such other organizations as the Secretary may approve . . . ." Accordingly, Gordon & Partners does not qualify as an "organization" under Title 38. If for some reason it did, it would be precluded from charging or collecting a fee for the representation. See 38 U.S.C. § 5902(b)(1); 38 C.F.R. § 14.636(b) ("Recognized organizations (including their accredited representatives when acting as such) . . . are not permitted to receive fees.").

"The purpose of the regulation of representatives, agents, attorneys, and other individuals is to ensure that claimants for Department of Veterans Affairs (VA) benefits have responsible, qualified representation in the preparation, presentation, and prosecution of claims for veterans' benefits." 38 C.F.R. § 14.626. Accordingly, the Secretary requires that an attorney representing a VA Client, among other things, "faithfully execute their duties," provide "competent representation," "act with reasonable diligence and promptness." 38 C.F.R. § 14.632(a), (b)(1) & (2).

Accordingly, until such time as the Veteran executes a new Form 21-22a, Werner is the authorized attorney for the Veteran under Federal law. Werner has an ethical and statutory duty to continue to zealously represent the approximately 8,692 VA Clients in varying stages of active claims with the VA. If there is a conflict between the above-detailed Federal law under Congress' statutory scheme for the representation of a veteran in the benefits claims process and the Rules Regulating the Florida Bar, this Court should determine that federal law pre-empts the state guidance on the matter. *See Sperry v. State of Fla. ex rel. Fla. Bar*, 373 U.S. 379, 384, 83 S. Ct. 1322, 1325, 10 L. Ed. 2d 428 (1963) (Federal patent rules preempted Florida Bar Rules); *see also Jewell v. Herke*, 526 F. Supp. 3d 459, 466–67 (D. Minn. 2021) (considering Title 38's preemption of Minnesota's regulation of attorneys).

As the authorized attorney, Werner and the Affiliated Attorneys are entitled to access to the VA Clients' files in order to adequately and timely service them, and Gordon & Partners is obligated to act to protect the VA Clients' interests. *See, e.g.,* Florida Bar Ethics Opinion 88-11 (Reconsideration) March 23, 2021, which is attached hereto as **Exhibit D.** This also means Gordon & Partners must cooperate with Werner and the Affiliated Attorneys, which cooperation includes, but is not limited to, timely relaying communications and correspondence from the VA and the VA

Clients and ceasing work on the VA Clients' matters, including unilaterally scheduling hearings. Furthermore, Werner is the proper payee of fees received from the VA on account of any VA Client's matter for whom Werner is the Form 21-22a authorized attorney.

Because the law is clear on Werner's status as the Veteran's sole representative, and Federal law prohibits others (including law firms) from acting in a representative capacity, Werner is likely to succeed on the merits of his declaratory judgment action.

In addition, Gordon & Partners have been wrongfully setting hearings and filing papers in the VA matters, and not sufficiently advising Werner of communications received by Gordon & Partners relating to the VA matters. Most egregiously, on August 10, 2023, Gordon & Partners terminated Werner's access to Gordon & Partners' client management software as to the VA matters. As the VA Clients' authorized attorney, Werner is entitled to their files from Gordon & Partners. While Werner does still have access to VBMS, akin to PACER, Werner does not have access to client notes, correspondence, etc. as to the Veterans' matters. As such, Werner is presently "flying blind" as to these cases. Furthermore, Gordon & Partners' sewing confusion in the transition as to whether a VA Client must pay fees and costs just for continuing to be represented by Werner has created an unequal playing field for the clients' choice, placing Gordon & Partners' thumb on the scale to encourage VA Clients' to remain with them. As the fees and costs are entirely contingent, Gordon & Partners may not ethically assert those fees and costs or any retaining lien. *See* Ethics Opinion 88-11 (Reconsideration), *supra*.

Accordingly, Werner has and will be damaged as a result of Gordon & Partners' actions in the form of loss of fees and reputational damage and possible malpractice exposure to the extent Gordon & Partners continues to take unauthorized action in the Veterans' matters and denies Werner access to the Veterans' files. As such, each of the elements of Werner's tortious interference

claim are satisfied. *See Seminole Tribe of Fla. v. Times Pub. Co.,* 780 So. 2d 310, 315 (Fla. 4th DCA 2001) ("The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform."). Therefore, Werner is likely to succeed on the merits of his case.

### d. Plaintiff Will Suffer Irreparable Harm

"To demonstrate irreparable harm, a movant must show 'that the injury cannot be undone through monetary remedies.' The irreparable injury claimed 'must be neither remote nor speculative, but actual and imminent.'" *Winmark Corp. v. Brenoby Sports, Inc.,* 32 F. Supp. 3d 1206, 1223 (S.D. Fla. 2014) (internal citations omitted). "Business closure clearly qualifies as irreparable harm." *W. Alabama Women's Ctr. v. Miller,* 217 F. Supp. 3d 1313, 1334 (M.D. Ala. 2016). Here, Werner will suffer irreparable harm if a preliminary injunction is not entered. Such harm is imminent, and cannot be quantified by money damages. Because Werner is the only authorized attorney to represent the Veterans in their VA matters, along with the Affiliated Attorneys, he is statutorily **obligated** to continue to diligently represent them until a new Form 21-22a is executed by the client designating a new authorized representative. At present, as detailed herein, Gordon & Partners is improperly giving the appearance it is representing these clients, scheduling hearings, failing to advise Werner of communications it is receiving on these matters, and blocking meaningful access to Werner to the VA Clients' files. All these actions jeopardize the VA Clients' matters and puts them at risk for adverse outcomes. The VA Clients' matters are

**ongoing,** with hearings and important deadlines occurring **now.** If Gordon & Partners "botches" the VA matters or allows deadlines to be missed because it has effectively blocked Werner's access to the cases, not only does that harm Werner's reputation and that of the Affiliated Attorneys, but also exposes Werner to malpractice claims and even possible disciplinary action for not effectively representing **his clients.**

In terms of the fees Federally payable to Werner, pursuant to Florida Bar Rule 5-1.1, Gordon & Partners is required to hold these funds in trust. Absent an accounting of these funds and them being held in trust, Werner will suffer irreparable harm if Gordon & Partners utilizes these funds, especially if the funds were wrongly paid by the VA, as happens from time to time. Werner will then be answerable to the VA for those funds that Gordon & Partners has used.

Furthermore, if VA Clients' are not properly and clearly informed that they are not liable to Gordon & Partners for fees and costs until a successful outcome in their case, the scales are tipped in favor of Gordon & Partners in terms of client choice because the VA Clients will think they owe fees and/or costs immediately out-of-pocket just for exercising their choice of counsel. Werner will suffer irreparable harm in this way because once a client chooses Gordon & Partners as their counsel based on this reason, Werner will have no meaningful remedy to rebalance the scales.

None of these adverse outcomes that will likely occur if Gordon & Partners' conduct is not enjoined is quantifiable by money damages alone. As such, Werner will suffer irreparable injury as a result of Gordon & Partners' continued improper actions.

e. **Defendant will not be damaged by the preliminary injunction.**

Maintaining the status quo, allowing Werner access to Veterans' files, preventing Gordon & Partners from taking any action in VA matters in which Werner is the Form 21-22a authorized

attorney, and requiring communications related to the VA matters be relayed to Werner by Gordon & Partners will not damage Gordon & Partners. Keeping Werner's fees in trust and ensuring VA Clients are fully and properly informed that they are not liable for fees and costs immediately out-of-pocket for choosing to stay with Werner also maintains the appropriate status quo.  Likewise, granting Werner the relief requested will cost Gordon & Partners nothing.  In fact, allowing access to the VA Client files via the existing electronic access system (ATO) *will save money and time* for Gordon & Partners versus the proposed ad-hoc, unilateral file by file review by their non-attorney IT employee. Indeed, Gordon & Partners likewise has an ethical duty to ensure the VA Clients' interests are protected.  Therefore, the entry of a preliminary injunction will not harm the Gordon & Partners.

### f. The public interest favors the issuance of the preliminary injunction.

The public interest weighs in favor of granting injunctive relief, especially when it comes to ensuring that both Werner and Gordon & Partners keep the VA Clients' interests at paramount concern; the public interest favors that VA Clients' interests be put ahead of disputes between lawyers. Furthermore, the public has a cognizable interest in the protection and enforcement of contractual rights. *See Telemundo Media, LLC v. Mintz,* 194 So. 3d 434, 436 (Fla. 3d DCA 2016) (*citing Hilb Rogal & Hobbs of Fla., Inc. v. Grimmel,* 48 So. 3d 957, 9621 (Fla. 4th DCA 2010)). As detailed herein, Werner maintains the attorney-client relationship with his veterans' clients via both a fee agreement and VA Form 21-22a designating him, individually, as such.  Allowing Gordon & Partners to interfere with this relationship and Werner's and the Affiliated Attorneys representation of the VA Clients runs contrary to the public interest in the protection and

enforcement of contractual rights, and the protection of veterans of the United States Armed Forces under Federal law. As such, the entry of a preliminary injunction serves the clear public interest.

### g. Proposed security and lack of prejudice to Defendant.

Under Fed. R. Civ. P. 65(c), the Court has discretion to issue a preliminary injunction without requiring security, notwithstanding the seemingly mandatory language of the rule. *See, e.g., Tancogne v. Tomjai Enterprises Corp.,* 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005); *Univ. Books and Videos, Inc. v. Metro. Dade County,* 33 F. Supp. 2d 1364, 1374 (S.D. Fla. 1999); *Popular Bank of Fla. v. Banco Popular de P.R.,* 180 F.R.D. 461, 463–65 (S.D. Fla. 1998); *Campos v. I.N.S.,* 70 F. Supp. 2d 1296, 1310 (S.D. Fla. 1998). "Whether or not to require a bond in any particular case—and the amount of any such bond demanded—is within the discretion of the trial judge." *Univ. Books,* 33 F. Supp. 2d at 1374 (stating that security generally was not required when, e.g., the party seeking the injunction has a high probability of succeeding on the merits of its claim). The requirement for a bond may be waived if a bond is not requested, or if no evidence is presented that a party will suffer damages from the issuance of an injunction. *See Bellsouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 971 (11th Cir. 2005) (holding that district court acted within its discretion when it did not require a bond); *Baldree v. Cargill, Inc.,* 758 F. Supp. 704 (M.D. Fla. 1994), aff'd 925 F.2d 1474 (11th Cir. 1991) (holding district court has discretion to waive bond requirement imposed by Rule 65(c)). The amount of security for a preliminary injunction is within the discretion of the trial court, and it may choose to supply no security at all. *Bellsouth,* 425 F.3d at 971. Here, the Court should act within its sound discretion and require no security at all. Gordon & Partners will not incur any damages if it simply maintains the status quo and, in fact, would save both time, manpower and resources by restoring electronic access to case files and not setting hearings or acting in a representative capacity in the VA Cases.

**CONCLUSION**

All elements for a preliminary injunction are established on this record. Accordingly, the Court should grant a preliminary injunction as requested herein.

WHEREFORE, Werner respectfully requests that this Court enter a preliminary injunction:

    A.    Requiring Gordon & Partners to immediately restore meaningful electronic access to Gordon & Partners' electronic case management system and related calendaring system such that Werner and the Affiliated Attorneys may have the necessary information and documents needed to properly and timely represent the VA Clients for whom Werner is the authorized attorney before the VA pursuant to Federal law;

    B.    Ordering Gordon & Partners to immediately cease taking action or purporting to act as if it is the authorized attorney for the VA Clients, including, but not limited, to scheduling hearings and filing documents;

    C.    Ordering Gordon & Partners to immediately and meaningfully cooperate with Werner and the Affiliated Attorneys in ensuring that the VA Clients interests are protected, including the following:

        i.   Immediately forward any phone call Gordon & Partners receives from the VA concerning said matter or said VA Client to the New Firm's phone number at 561-760-9553 in a manner as if the VA had called the New Firm directly (i.e., the call is forwarded while the VA is still on the line);

        ii.   Promptly forward any email Gordon & Partners receives from the VA concerning said matter or said VA Client to info@wernerhoffman.com in a manner as if the VA had emailed the New Firm directly; and

      iii.   Collect and hold, but not open, all mail Gordon & Partners receives from the VA addressed to Adam Werner and/or the Affiliated Attorneys, and make such mail available for pickup on a daily basis by an employee of the New Firm.

D. Immediately account for and hold in trust all fees Gordon & Partners has received from the VA beginning on August 4 and thereafter on account of any VA Client for whom Werner is the From 21-22a authorized attorney; and

E. Immediately cease communicating to VA Clients that they must pay fees or and/or costs to Gordon & Partners should the VA Clients choose to continue being represented by Werner and the Affiliated Attorneys, and send a correction to the VA Clients in respect to this issue because fees and costs are entirely contingent;

and for any other relief that this Court deems just and proper.

| | |
|---|---|
| DATED this 14th day of August, 2023. | Respectfully submitted,<br>**Winderweedle, Haines, Ward & Woodman, P.A.**<br>329 Park Avenue North<br>Second Floor<br>Winter Park, FL 32789<br>(407) 423-4246<br>*Attorneys for Plaintiff* |
| By: | */s/ C. Andrew Roy*<br>C. Andrew Roy, Esq.<br>Florida Bar No.: 91629<br>aroy@whww.com<br>spollard@whww.com<br>Timothy J. Kiley, Esq.<br>Florida Bar No.: 44352<br>tkiley@whww.com<br>acothran@whww.com |

## VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.           Executed on August 14, 2023.

_____
Adam Werner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via CM/ECF on August 14, 2023 on all counsel or parties of record on the Service List below.

                                                                */s/ C. Andrew Roy*
                                                                C. Andrew Roy, Esq.

## SERVICE LIST

Scott W. Atherton, Esq.
scott@athertonlg.com
Terence M. Mullen, Esq.
terence@athertonlg.com
Brittany A. Tarazona, Esq.
btarazona@athertonlg.com
**Atherton Galardi Mullen
& Reeder PLLC**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: (561) 293-2530
Facsimile: (561) 293-2593
**Attorneys for Defendant,
Gordon & Partners, P.A.**